NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FRANK MARINO, PETITIONER, v. IDEAL PLATING AND
AND POLISHING CO., INC., RESPONDENT.

Decided August 9, 1940.

For the petitioner, *Perry E. Belfatto.*

For the respondent, *George E. Meredith.*

\*       \*       \*       \*       \*       \*       \*

At the time of the hearing it was stipulated and agreed between the parties hereto that this matter should be submitted to the court on the question of liability, *i. e.,* as to whether or not the petitioner had met with an accident arising out of and in the course of his employment on September 8th, 1938, as alleged in the formal petition filed in this case.

The petitioner   \*   \*   \*   testified that on September 8th, 1938, he had wrenched his back while lifting a pan of metal washers   \*   \*   \*   that he had been forced to stop work as a result of this occurrence and that later he was confined in Columbus Hospital, where an operation was performed upon his back.

During the course of the petitioner's direct testimony and during cross-examination it was developed that the petitioner met with an accident on October 3d, 1936, while working for the same employer, in which accident he alleged he had injured his back while carrying a tray of metal washers. The petitioner admitted that, subsequent to this accident of 1936, he had returned to work but had received treatments more

or less continuously through 1936, 1937 and part of 1938, same treatments being rendered as a result of continuous complaints of pain and disability in the back. The petitioner further testified that toward the end of said treatments he had been fitted with a back belt or brace upon the recommendation of Dr. Kessler. The petitioner alleged that his trouble had finally cleared up but that same had returned as a result of the accident in this case. The petitioner claimed that he had notified three people of the accident in this case, to wit, Mr. J. A. Casella, Mr. Fred Casella and a Miss Klein, all of these people being persons in authority at the petitioner's place of employment.

The respondent called as its witnesses the three parties referred to immediately hereinbefore. All of these witnesses denied that the petitioner had, at any time, subsequent to the alleged accident in this case, made any report or mention of any accident as of September 8th, 1938, until about the time that the formal petition in this case was filed. All of these witnesses testified that the petitioner had complained of trouble with his back since October, 1936, but at no time had he made any mention of any second accident or injury to his back.

The respondent also called as its witness Dr. Victor Di Leo. This doctor testified that at the time of the petitioner's admission to the Columbus Hospital, he was an interne in service at this hospital and that he had interviewed the petitioner and taken the admitting history. This doctor had with him the hospital records, same including the admitting history. From the testimony of this doctor it appeared that the petitioner, at the time of his admittal to the Columbus Hospital, on September 13th, 1938, with only four days intervening between the accident and said admittal, had made no mention of any trauma to his back as of September 8th, 1938, and that the petitioner had referred all of his trouble back to 1936.

After a careful consideration of any and all stipulations in this case, any and all exhibits offered into evidence, and all of the testimony produced by both parties, this court is clearly satisfied that the petitioner has failed to sustain the

burden of proving that he suffered an accident arising out of and in the course of his employment on September 8th, 1938.

This court had ample opportunity to observe the attitude and demeanor of the petitioner in this case during the course of this trial. The petitioner appears to be above the average in intelligence and is obviously fully aware of what would be needed to establish his case. On the other hand, this court is satisfied that the petitioner's testimony is worthy of little, if any, credit. From his testimony and from the testimony of the respondent's witnesses this court is satisfied that the testimony of the petitioner cannot be believed. All of the parties that the petitioner alleged knew of his alleged accident flatly denied same. Even if this court were to somewhat question the testimony of these witnesses, the testimony of Dr. Di Leo, who obviously is absolutely disinterested in this case, would appear to this court to refute the allegations of the petitioner. This court cannot believe that this petitioner, had he suffered an accident on September 8th, 1938, as he alleges, would have failed to make mention of same upon his admittal to a hospital five days later for treatment to the injuries he allegedly sustained in said accident. It is unbelievable that this petitioner would have made mention of a condition arising in 1936 and have failed to mention an incident of five days before, which incident he would have this court believe caused his present difficulty.

By the preponderance of clear testimony, or, as more nearly approaches the situation in this case, by the only clear testimony, this court finds that the petition must be dismissed.

It is, therefore, * * * ordered that the petition of the petitioner be and the same is hereby dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*